IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:21CR180-2 |
| v. | : | |
| RACHE JAMAL FORTSON | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and the defendant, RACHE JAMAL FORTSON, in his own person and through his attorney, James E. Quander, and state as follows:

1. The defendant, RACHE JAMAL FORTSON, is presently under Indictment in case number 1:21CR180-2, which in Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine; which in Count Two charges him with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine; and which in Count Three charges him with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), felon in possession of a firearm.

2. The defendant, RACHE JAMAL FORTSON, will enter a voluntary plea of guilty to the lesser-included offense of Count One of the Indictment herein, a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), conspiracy to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, RACHE JAMAL FORTSON, understands that as to the lesser-included offense of Count One of the Indictment herein, he shall be sentenced to a term of imprisonment of not less than five years, nor more than 40 years, a fine not to exceed $5,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, RACHE JAMAL FORTSON, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. Any sentence imposing a term of imprisonment shall

Case 1:21-cr-00180-CCE   Document 157   Filed 09/22/21   Page 2 of 12

impose a term of supervised release of at least four years in addition to such term of imprisonment.

b. The defendant, RACHE JAMAL FORTSON, understands that because the lesser-included offense of Count One of the Indictment herein relates to a felony violation involving a listed chemical, the defendant may be enjoined from engaging in any transaction involving a listed chemical for not more than ten years, pursuant to Title 21, United States Code, Section 841(e).

c. The defendant, RACHE JAMAL FORTSON, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

d. The defendant, RACHE JAMAL FORTSON, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, RACHE JAMAL FORTSON, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, RACHE JAMAL FORTSON, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to the lesser-included offense of Count One of the Indictment herein, the defendant, RACHE JAMAL FORTSON, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, RACHE JAMAL FORTSON, is going to plead guilty to the lesser-included offense of Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, RACHE JAMAL FORTSON, to the lesser-included offense of Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment herein as to the defendant, RACHE JAMAL FORTSON. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, RACHE JAMAL FORTSON, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

5

c. The defendant, RACHE JAMAL FORTSON, agrees that the substance involved in the offense alleged in the lesser-included offense of Count One of the Indictment herein for which he is accountable is 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

d. The defendant, RACHE JAMAL FORTSON, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, RACHE JAMAL FORTSON, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

e. The defendant, RACHE JAMAL FORTSON, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

f. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of

statements made by a defendant during the course of plea proceedings. The defendant, RACHE JAMAL FORTSON, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, RACHE JAMAL FORTSON, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

g. The defendant, RACHE JAMAL FORTSON, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, RACHE JAMAL FORTSON, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of his guilty plea.

h. The defendant, RACHE JAMAL FORTSON, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading

7

guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, RACHE JAMAL FORTSON, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

6. With regard to forfeiture, the United States and the defendant, RACHE JAMAL FORTSON, agree as follows:

    a. The defendant, RACHE JAMAL FORTSON, knowingly and voluntarily consents and agrees to forfeit to the United States any property constituting or derived from, or used or intended to be used to commit, or to facilitate the commission of, the offense charged in Count One. The property to be forfeited includes, but is not limited to, the following:

        1. Remington .22 caliber rifle.

The defendant acknowledges that his interest in the foregoing property is subject to forfeiture based on the offense to which he is pleading guilty.

    b. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal

8

Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

    c.    The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

    d.    The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns.

9

e. The defendant agrees and understands that the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of any property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

7. The defendant, RACHE JAMAL FORTSON, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, RACHE JAMAL FORTSON, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, RACHE JAMAL FORTSON, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10

10. The defendant, RACHE JAMAL FORTSON, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This, the 22nd day of Sept, 2021.

_____  
SANDRA J. HAIRSTON  
Acting United States Attorney

_____  
JAMES E. QUANDER  
Attorney for Defendant

_____ For  
TERRY M. MEINECKE  
NCSB #27586  
Assistant United States Attorney  
101 S. Edgeworth St., 4th Floor  
Greensboro, NC 27401  
336/333-5351

_____  
RACHE JAMAL FORTSON  
Defendant

RSG